UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMAL SCOTT,

                Plaintiff,

    v.

KEVIN KAUFFMAN, et al.,

                Defendants.

CIVIL ACTION NO. 3:19-CV-00695

(MEHALCHICK, M.J.)

**MEMORANDUM**

Presently before the Court is an amended complaint filed by *pro se* prisoner-Plaintiff Jamal Scott ("Scott") on March 19, 2021. (Doc. 29). In his amended complaint, Scott brings claims for violations of his rights under the First Amendment, the Civil Rights Act, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 29, at 1). Scott seeks declaratory, injunctive, and monetary relief. (Doc. 29, at 1). Scott is currently incarcerated at the Pennsylvania State Correctional Institution at Huntingdon ("SCI-Huntingdon"), located in Huntingdon County, Pennsylvania. (Doc. 29, at 1).

The Court has conducted its statutorily-mandated screening of the amended complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). Scott has failed to abide by the Court's Order granting him leave to amend. (Doc. 26; Doc. 29). Scott shall be granted leave to file a second amended complaint.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Scott filed his initial complaint on April 24, 2019, asserting violations of his federal civil rights under 42 U.S.C. § 1983 and seeking injunctive and monetary relief, as well as

violations of RLUIPA.[1] (Doc. 1). In his initial complaint, Scott asserts causes of action against ten defendants: (1) the Pennsylvania Department of Corrections ("DOC"); (2) SCI-Huntingdon staff including Facility Manager Kevin Kauffman, Facility Chaplaincy Program Director Mr. Wireman, Corrections Classification Program Manager Ms. Sipple, Deputy Superintendent Scott Walters, Facility Chaplain Bilgan Erdogan, and Corrections Officers Hawn and Mills; (3) John Wetzel, the Secretary of Corrections; and (4) Ulrich H. Klem, DOC's Religion Volunteer and Recreational Services Program Administrator (collectively, "Original Defendants"). (Doc. 1, at 1-2).

On November 13, 2019, Original Defendants moved to dismiss Scott's complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. (Doc. 14). The Court denied this motion without prejudice to Original Defendants refiling a motion to dismiss to address any substantive deficiencies. (Doc. 18; Doc. 19). Original Defendants filed another motion to dismiss on June 29, 2020. (Doc. 23). On February 8, 2021, the Court held that the Original Defendants' motion to dismiss was granted in part and denied in part and granted Scott leave to amend his complaint. (Doc. 26, at 27). Plaintiff submitted an amended complaint on March 19, 2021. (Doc. 29). In his amended complaint, Scott added Defendants: (1) Jill Spyker; (2) Sergeant Corley; (3) W. House; (4) Brousseam; (5) Reverend Rainey; and (6) J. Stanoasli (collectively "New Defendants"). (Doc. 29, at 2-3). The New Defendants and Original Defendants filed a motion to dismiss the amended complaint on April 2, 2021, and a corresponding brief in support of their motion to dismiss on April 15, 2021. (Doc. 33; Doc.

---

[1] Scott also filed an incomplete motion for leave to proceed *in forma pauperis* on April 24, 2019, and a second motion for leave to proceed *in forma pauperis* along with an inmate statement on May 8, 2019. (Doc. 2; Doc. 7). The Court granted Scott's motion for leave to proceed *in forma pauperis* on September 18, 2019. (Doc. 8).

34). Scott subsequently filed a brief in opposition of Defendants' motion to dismiss on June 4, 2021. (Doc. 37).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the amended complaint and dismiss "the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

## II.   DISCUSSION

### A.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court's screening obligation applies to a prisoner's original complaints and amended complaints. *See Muchler v. Greenwald,* 624 F. App'x 794, 796 (3d Cir. 2015). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Scott is suing government officials and seeks to proceed *in forma pauperis*, both provisions apply. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.,* 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B.   FAILURE TO AMEND COMPLAINT PURSUANT TO COURT ORDER

The amended complaint fails to correct the deficiencies within the original complaint outlined in the Court's Order on February 8, 2021 (the "Order"). (Doc. 26; Doc. 27). The Order granted in part and denied in part the Original Defendants' motion to dismiss. (Doc. 23; Doc. 26, at 27; Doc. 27). The Court granted Scott leave to file an amended complaint within 30 days of the Order and specified that Scott was required to file a, "single, unified amended complaint curing any deficiencies described herein." (Doc. 27, at 27). Additionally, the Court specified that the "complaint must be a pleading that stands by itself without reference to the original complaint." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). (Doc. 23, at 27).

Specifically, the Court did not allow Scott to amend his original complaint to seek a remedy of monetary damages against any Defendants in their official capacities, as Section 1983 does not provide for such a remedy. (Doc. 26, at 12). Scott was granted leave to amend his claim against Defendant Wetzel to allege personal involvement as Scott's original

complaint did not mention Defendant Wetzel's conduct. (Doc. 26, at 14). Additionally, Scott was granted leave to amend his claim to plead the causal elements of retaliation because his original complaint did not do so. (Doc. 26, at 26). The Original Defendants' motion to dismiss was denied by the court regarding Scotts claims against Hawn and Mills' concerning their personal involvement, his RLUIPA claim, his First Amendment claim, and his equal protection claim. (Doc. 26, at 14, 19, 21, 23). Therefore, the amended complaint should have included all of Scott's original claim under RLUIPA, the First Amendment, equal protection, and the claims against Hawn and Mills. (Doc. 26, at 14, 19, 21, 23). Additionally, Scott could have amended his complaint to include the current allegations found in the amended complaint along with sufficient allegations of the personal involvement of Defendant Wetzel and the causal elements of his retaliation claim, rectifying any deficiencies from his original complaint. (Doc. 26, at 14, 26).

In his amended complaint, Scott did not include any information about Defendant Wetzel's actions, the retaliation claims against the Defendants, or his previous claims that were not dismissed as dictated by the Court's Order. (Doc. 29). Instead, he asserted new claims against new Defendants. (Doc. 29). Therefore, Scott did not sufficiently amend his original complaint to rectify the deficiencies as was permitted by the Court's Order. (Doc. 26; Doc. 27). In his brief in opposition to New and Original Defendants' motion to dismiss, Scott explains that he did not understand "that an amended complaint has to be presented as a new complaint from top to bottom." (Doc. 37, at 5). Scott seeks leave to file a second amended complaint to present his claims in full. (Doc. 37, at 5). Due to the Courts duty to construe a *pro se* plaintiff's pleadings liberally, the Court shall grant Scott leave to file a second complete amended complaint. *See Estelle*, 429 U.S. at 106.

### C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. In his brief in opposition to New and Original Defendants' motion to dismiss, Scott seeks leave of court to submit a second amended complaint and explains that he misunderstood the rule and would like an opportunity to correct his error. (Doc. 37, at 5). The Court will grant Scott leave to file a second amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle,* 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Scott may amend his complaint regarding his retaliation claims and to allege the personal involvement of Defendant Wetzel, as those claims were dismissed by this court without prejudice and with leave to amend in the Order. (Doc. 26, at 27; Doc. 27). Scott may not amend his complaint to allege any claim for monetary damages brought against the DOC or any claim for monetary damages brought against any Defendants in their official capacities. (Doc. 26, at 27; Doc. 27).

Scott is advised that the second amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young*, 809 F. Supp. at 1198. Thus, Scott's second amended complaint must be complete, alleging all claims that he wishes to pursue including those that were not dismissed previously by the Court. (Doc. 26). If the Court does not receive a second amended complaint from Scott on or before the deadline prescribed below, this action will proceed on his original complaint.

## III.   CONCLUSION

Based on the foregoing reasons, Scott is granted leave to file a second amended complaint. Scott is directed to file a second amended complaint on or before **Tuesday,**

- 8 -

- 9 -

**January 11, 2022,** or the Court will proceed on the originally filed complaint. The Defendants' Motion to Dismiss related to Scott's amended complaint is **STRUCK** as moot. (Doc. 33).

An appropriate Order follows.

**Dated: December 21, 2021**                                       s/ Karoline Mehalchick
                                                                                  **KAROLINE MEHALCHICK**
                                                                                  **Chief United States Magistrate Judge**